IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEMP AVIATION, INC., a
New Mexico corporation,

vs.                                                            Civ. No. 02-1406 JP/KBM

AIR CARGO EXPRESS, INC., a
Delaware corporation.

## MEMORANDUM OPINION AND ORDER

On December 10, 2002, the Defendant filed a Motion of Defendant Air Cargo Express, Inc. to Dismiss for Lack of Personal Jurisdiction in Lieu of an Answer (Doc. No. 4). Having considered the briefs and relevant law, the Court finds that the motion to dismiss should be denied.

A. Background

This lawsuit is based on diversity jurisdiction. The complaint alleges breach of contract and conversion, and seeks collection of account as well. In early February 2002, Dar Kemp, a representative of the Plaintiff, a New Mexico corporation based in Las Cruces, New Mexico, met with Mark Spatz, president of the Defendant, a Delaware corporation, in El Paso, Texas. Mr. Kemp and Mr. Spatz orally agreed to place the Plaintiff's aircraft on the Defendant's FAA Part 135 Air Charter Certificate (certificate) so that the Plaintiff could haul freight for the Defendant's customers. On March 21, 2002, Mr. Kemp went to Indiana, the Defendant's principal place of business, to have the Plaintiff's aircraft inspected and placed on the Defendant's certificate. Plaintiff's pilots also underwent training in Indiana at that time so that they could be placed on the Defendant's certificate.

Mr. Spatz stated in an affidavit that the oral agreement indicated that the Plaintiff's aircraft would be based in El Paso, Texas, not in New Mexico. Mr. Kemp, however, stated in his affidavit that Mr. Spatz understood that the Plaintiff would dispatch its pilot from Las Cruces, New Mexico. Mr. Spatz also stated that the Plaintiff sought out and solicited the Defendant in Indiana with respect to placing the Plaintiff's aircraft on the Defendant's certificate.

John Martin stated in an affidavit that in early February 2002 he met with Mr. Spatz in El Paso, Texas, and Mr. Spatz informed him that the Defendant was looking for another air freight hauler to operate under its certificate. Mr. Martin suggested to Mr. Spatz that the Plaintiff might be interested in operating under the Defendant's certificate. Shortly thereafter, Mr. Martin arranged for Mr. Spatz, Mr. Kemp, and Arturo Jurado, Plaintiff's president, to meet in El Paso, Texas to discuss a possible agreement to place the Plaintiff under the Defendant's certificate. Mr. Martin and Mr. Kemp noted in their respective affidavits that the parties appeared to have reached "a handshake agreement" at the February meeting. ¶4 of Affidavit of John P. Martin in Opposition to Motion to Dismiss; ¶8 of Affidavit of Dar Kemp in Opposition to Motion to Dismiss.

An unsigned Aircraft Management Contract & Business Agreement between the parties, dated April 24, 2002, stated under ¶XII that "[t]he agreement shall be construed under and in accordance with the laws of the State of New Mexico, and all obligations that the parties create hereunder are performable in Dona Ana County, New Mexico." The parties agree that this unexecuted contract evidences the terms of the oral agreement between the parties. Mr. Kemp stated in his affidavit that Mr. Spatz expressly agreed to including this paragraph in the written contract and "expressly agreed that New Mexico courts would have jurisdiction over any legal

disputes regarding payment." ¶12 of Affidavit of Dar Kemp in Opposition to Motion to Dismiss.

Since 1996, the Defendant's aircraft have made only eight separate landings in the state of New Mexico. Nonetheless, during 2002, the Defendant had aviation fuel agreements with fueling service companies in Albuquerque, New Mexico and Roswell, New Mexico. The Defendant also directed the Plaintiff to use those fueling service companies and to charge the fuel purchases to the Defendant's credit accounts with those companies. Moreover, the Plaintiff made two air freight deliveries in 2002 for the Defendant, one from Albuquerque to Hillsborough, Oregon, and one from Roswell to Seattle, Washington. In both cases, the Defendant informed the Plaintiff of the need to make those deliveries by telephoning Plaintiff's office in Las Cruces and telefaxing trip sheet directives to the Las Cruces office.

B.  Discussion

    1.  Timeliness of the Plaintiff's Response

The Defendant asks the Court to strike the Plaintiff's response because it was untimely filed. Under D.N.M. LR-Cv 7.6(a) a response must be <u>served</u> within fourteen days after service of a motion. Three mailing days can be added to the fourteen day period under Fed. R. Civ. P. 6(e). *See* Wright & Miller, Federal Practice and Procedure:  Civil 3d §1171, p. 595-96. In this case, the motion to dismiss was served on December 10, 2002 and the response was served on December 27, 2002. Applying D.N.M. LR-Cv 7.6(a) and Rule 6(e), the Court finds that the response was timely served.

    2.  Personal Jurisdiction

The plaintiff has the burden of proving personal jurisdiction. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). "'[W]hen a motion to dismiss for

lack of personal jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a *prima facie* showing of personal jurisdiction.'" *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995)(citations omitted).  The Court must consider the affidavits in the light most favorable to the plaintiff, even if the parties present conflicting affidavits.  *Id.*; *Behagen v. Amateur Basketball Ass'n of U. S. A.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 10101 (1985).

Personal jurisdiction in a diversity action is determined by the law of the forum state. *Yarbrough v. Elmer Bunker & Associates*, 669 F.2d 614, 616 (10th Cir. 1982).  New Mexico courts apply a three-part test to determine whether personal jurisdiction exists over a non-resident defendant:  (1) the defendant's acts must be enumerated in the New Mexico long-arm statute; (2) the plaintiff's cause of action must arise from the defendant's acts; and (3) the defendant's acts must establish minimum contacts to satisfy constitutional due process concerns.  *Doe v. Roman Catholic Diocese of Boise, Inc.*, 121 N.M. 738, 742, 918 P.2d 17, 21 (Ct. App.), *cert. denied*, 121 N.M. 693, 917 P.2d 962 (1996).  Because the reach of New Mexico's long-arm statute extends as far as constitutionally permissible with the first and third steps equated with the due process standard of minimum contacts, the necessity of a technical determination of whether the non-resident defendant committed an enumerated act has evaporated and the Court searches for the outer limits of what due process permits.  *Santa Fe Technologies, Inc. v. Argus Networks, Inc.*, 2002-NMCA-030 ¶13, 131 N.M. 772 (2001), *cert. denied*, Nos. 27,285; 27,324 (2002)(quotations and citations omitted).  "Thus, for the court to find personal jurisdiction, a plaintiff must allege an occurrence that falls within the long-arm statute, and the court must find the requisite minimum contacts to comport with due process." *Id.* (citing *Cronin v. Sierra*

4

*Medical Center*, 2000-NMCA-082,129 N.M. 521, *cert. denied*, No. 26,515 and 532 U.S. 921 (2001).

    a. The New Mexico Long-Arm Statute:  Transaction of Business in New Mexico

 The Defendant argues that it has not engaged in a act enumerated in the New Mexico long-arm statute which would bestow personal jurisdiction.  Specifically, the Defendant argues that it has not transacted any business in New Mexico. The New Mexico long-arm statute provides in relevant part:

> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:  (1) the transaction of any business within this state....

NMSA 1978, §38-1-16(A) (1959).  The New Mexico courts have defined the phrase "transaction of business" as "'doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts.'"  *Telephonic, Inc. v. Rosenblum*, 88 N.M. 532, 534, 543 P.2d 825, 827 (1975)(quoting Restatement (Second) of Conflict of Laws §35 cmt. a at 142 (1971)).  "The determination of whether a party transacted business in the state within the meaning of the long-arm statute, 'must be determined by the facts in each case.'"  *CABA Ltd. Liability Co. v. Mustang Software, Inc.*, 1999-NMCA-089 ¶12, 127 N.M. 556, 561 (quoting *Telephonic, Inc.*, 88 N.M. at 534, 543 P.2d at 827).  New Mexico courts examine three factors in determining if "certain conduct constitutes transacting business under the long arm statute:  (1) who initiated the transaction; (2) where the transaction was entered into; and (3) where the performance was to take place."  *Pelton v. Methodist Hosp.*, 989 F.Supp. 1392, 1395 (D.N.M.

1997)(citations omitted).  Other relevant factors include "the voluntariness of the defendant's contact with the State, the nature of the transaction, the applicability of New Mexico law, the contemplation of the parties and the location of likely witnesses." *Kathrein v. Parkview Meadows, Inc.*, 102 N.M. 75, 691 P.2d 462 (1984).  However, choice of law provisions alone cannot establish personal jurisdiction.  *Telephonic, Inc.*, 88 N.M. at 537, 543 P.2d at 548.

     Viewing the evidence in the light most favorable to the Plaintiff, the Court finds that the Defendant initiated the transaction with the Plaintiff in El Paso, Texas; the parties agreed that all of the obligations of the parties would be performed in Doña Ana County, New Mexico; and the agreement would be governed by New Mexico law.  In addition, the Court finds that likely witnesses would be located in New Mexico.  The Court also finds that the Defendant realized a pecuniary benefit each time the Plaintiff hauled freight in New Mexico for the Defendant's customers and that the Defendant expected to continue to profit in this manner.

     Moreover, the Plaintiff makes a convincing argument that it acted as an agent for the Defendant when it hauled freight for the Defendant's customers.  "'An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts some other business, manages some affair or does some service for the principal, with or without compensation.'" *Tercero v. Roman Catholic Diocese of Norwich, Connecticut*, 2002-NMSC-018 ¶12, 132 N.M. 312 (quoting UJI 13-401, NMRA 2002).  In this case, the Plaintiff represented the Defendant when it hauled freight for the Defendant's customers.  The Court concludes that the Plaintiff has made a *prima facie* showing that the Defendant transacted business in New Mexico and so has engaged in an act enumerated in the New Mexico long-arm statute.

b. Due Process Considerations

The Defendant further argues that due process considerations would not allow personal jurisdiction. To sustain personal jurisdiction, a plaintiff must also demonstrate that the defendant had sufficient minimal contacts with New Mexico so as not to "'offend traditional notions of fair play and substantial justice.'" *Internationl Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)(citation omitted). This "minimum contacts" standard can be met in one of two ways. *Beverly Kuenzle, Wayne Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996). "First, a court may exercise specific jurisdiction if a 'defendant has "purposefully directed" his activities at residents of the forum ... and the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)(citations omitted)). "Second, a court may exercise general jurisdiction where the defendant's contacts, while not rising to the level of the traditional notion of presence in the forum state, are nonetheless 'continuous and systematic.'" *Id.* (citations omitted). The question of whether the minimum contacts requirement has been met is decided on the particular facts of each case. *Id.* at 456 (citation omitted).

The parties focus on the issue of whether there is specific personal jurisdiction. Accordingly, the Court will only address the issue of specific personal jurisdiction. "When specific jurisdiction is based upon a contractual dispute, the court must evaluate 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing ... in determining whether the defendant purposefully established minimum contacts with the forum.'" *Rusty Eck Ford-Mercury Corp. of Leavenworth v. American Custom Coachworks, Ltd.*, 184 F.Supp.2d 1138, 1143 (D. Kan. 2002)(quoting *Burger*

7

*King*, 471 U.S. at 479). "[T]he key issue is whether the defendant's contacts are attributable to his own actions, typically requiring affirmative conduct by the defendant which enables or promotes the transaction of business in the forum state." *Id.* (citing *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1420 (10th Cir. 1988)).

  Viewing the evidence in the light most favorable to the Plaintiff, the Court finds that the following facts are relevant to the issue of specific jurisdiction.[1] First, the Defendant purposefully initiated contact with the Plaintiff, a New Mexico corporation, in order to establish an agreement whereby the Plaintiff would haul freight in New Mexico for the Defendant's customers. Second, the Defendant voluntarily agreed to construe the agreement in accordance with the laws of New Mexico and agreed that all obligations under the agreement would be performed in New Mexico. Third, the Defendant purposely established at least two contracts with New Mexico companies to provide fuel to the Plaintiff's aircraft. And fourth, the Defendant, through its agent the Plaintiff, actually completed two freight hauling jobs within New Mexico. *See Kuenzle*, 102 F.3d at 457 ("a nonresident corporate entity creates contacts for personal jurisdiction purposes through its authorized representatives: its employees, directors, officers and agents")(citing *International Shoe*, 326 U.S. at 316)). These facts indicate that the Defendant purposefully directed its activities toward the state of New Mexico in order to transact business in New Mexico. Additionally, "the underlying action is based upon activities that arise out of or relate to the [D]efendant's contacts with the forum." *Id.* at 456 (citation omitted). Consequently, there is specific personal jurisdiction and the minimum contacts requirement has been met. In sum, the

---

[1] The Court notes that Defendant's use of telephone and telefax services to contact the Plaintiff in New Mexico does not "satisfy the 'purposeful availment' prong of a minimum contacts analysis." *CABA Ltd. Liability Co.*, 1999-NMCA-089 ¶¶21-22 (quotations omitted).

Plaintiff has established a *prima facie* showing of personal jurisdiction.

IT IS ORDERED that Defendant's Motion of Defendant Air Cargo Express, Inc. to Dismiss for Lack of Personal Jurisdiction in Lieu of an Answer (Doc. No. 4) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE